THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (Harrisburg)

| | |
|---|---|
| IN RE: | : |
| WILLIAM P. RENN | : BK. No. 1:18-bk-01735-HWV |
| JODI A. RENN | : |
| Debtors | : Chapter No. 13 |
| | : |
| WELLS FARGO BANK, N.A. | : |
| Movant | : |
| v. | : |
| WILLIAM P. RENN | : 11 U.S.C. §362 |
| JODI A. RENN | : |
| Respondents | : |
| | : |

## STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

It is hereby stipulated by and between Phelan Hallinan Diamond & Jones, LLP, counsel for the Movant, WELLS FARGO BANK, N.A., and STEPHEN W. PARKER, Esquire, counsel for the Debtors, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at **2264 PINE ROAD, NEWVILLE, PA 17241-9526 F/K/A 2264 PINE ROAD, NEWVILLE, PA 17241**, mortgage account ending with "8791".

3. The parties agree that the total post-petition arrearage consists of six (6) monthly payments for the months of May 2018 through October 2018 at $957.49 each; resulting in the total post-petition arrearage amount of $5,744.94.

4. Within ten (10) days from the date that this stipulation is approved by the Court, Debtors agree to amend the Chapter 13 Plan to include the aforementioned post-petition delinquency in the amount of $5,744.94, representing all arrearages, charges, fees and other post-petition amounts due through October 31, 2018. The parties agree that the Movant may file a Notice of Post-Petition Fees, Charges and Expenses as a supplement to file the Proof of Claim for the above-stated amount and that same shall be deemed approved upon entry of the Order approving this Stipulation.

5. The parties agree that the allowed amended secured claim of Movant for pre-petition arrearages in the amount of $13,637.53 and Post-Petition supplement in the amount of $5,744.94 will be paid, in full, through the Amended Chapter 13 Plan. The total delinquency to be paid to Movant through the Chapter 13 plan is $19,382.47.

6. Beginning with November 1, 2018, Debtors' regular monthly mortgage payments will be made by conduit payment through the Office of the Chapter 13 Trustee. Said payment must be received by the Trustee by no later than the 15th day of the month for which it is due regardless of the actual date debtors' plan payment is due. Provided the Trustee receives the monthly payment by the 15th of every month, Debtors will be in compliance with the stipulation. If the monthly mortgage payment to the Trustee is received after the 15th of the month or not made, Movant may proceed with default provisions provided herein.

7. If Debtors provide sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

8. Should the Debtors fail to file an Amended Chapter 13 Plan within the time period prescribed above, or if any regular monthly mortgage payment commencing November 1, 2018 is more than fifteen (15) days late, Movant

may send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

9. In the event the Debtors convert to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

10. Debtors' tendering of a check to **WELLS FARGO BANK, N.A.**, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

11. The parties stipulate that Movant shall be permitted to communicate with the Debtors and Debtors' Counsel to the extent necessary to comply with applicable non-bankruptcy law.

12. This stipulation survives any loan modification agreed to and executed during the instant bankruptcy. If any regular monthly mortgage payment due after the execution of a loan modification is more than fifteen (15) days late, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days from the date of the Notice, counsel may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and waiving Rule 4001(a)(3) so that Relief Order is immediately effective and enforceable.

13. The parties request that this Court sign and docket an Order Approving the Stipulation in Settlement of the Motion for Relief.

14. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 24, 2018

Jerome Blank, Esq.
Andrew L. Spivack, Esq.
Thomas Song, Esq.
Mario J. Hanyon, Esq.
Attorneys for Movant

STEPHEN W. PARKER, ESQUIRE
Attorney for Debtor

JAMES JONES, ESQUIRE
Attorney for Charles J. DeHart III, Chapter 13 Trustee